# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

RUSSELL K. UEHARA,

    Plaintiff,

vs.

TD BANK, et al.,

    Defendants.

Case No. 2:17-cv-00190-GMN-CWH

**ORDER**

  Presently before the Court is Defendant Specialized Loan Servicing's ("SLS") Emergency Motion to Stay Discovery (ECF No. 28), filed on April 13, 2017. The Court determined that it would not be considered on an emergency basis, and ordered responses and replies in the ordinary course, but also ordered that discovery be stayed as to all parties pending the court ruling on the motion. (Min. Order (ECF No. 29).) Plaintiff Russell Uehara filed a response (ECF No. 41) on April 27, 2017. Defendant filed a reply (ECF No. 46) on May 11, 2017, along with a supplemental supporting declaration (ECF No. 47).

**I. BACKGROUND**

  This Fair Credit Reporting Act ("FCRA") action arises from a dispute regarding whether SLS inaccurately reported Uehara's debts. (Am. Compl. (ECF No. 4).) Defendant SLS moved to dismiss, arguing Plaintiff has failed to allege facts sufficient to state valid state or federal claims. (Mot. to Dismiss (ECF No. 23) at 2.) Specifically, SLS argues that Plaintiff fails to adequately allege two critical elements: (1) that SLS reported an inaccurate current or past due balance for the debt or failed to report Plaintiff's discharge and (2) that Plaintiff suffered any concrete injury as a proximate result of any of Plaintiff's alleged reporting of the debt. (*Id.*) Defendant SLS moves to stay discovery pending the outcome of the motion to dismiss, arguing that the motion is case-dispositive and that discovery is therefore unnecessary.

Plaintiff responds that SLS failed to meet and confer in good faith, that the motion to dismiss will be denied, that the motion to dismiss will not effectively resolve the entire case, and that Plaintiff will need to conduct discovery before addressing the motion to dismiss. Defendant SLS replies and disputes Plaintiff's arguments.

## II. ANALYSIS

Courts have broad discretionary power to control discovery, including the decision to stay discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). When evaluating whether to stay discovery, the court considers the goal of Rule 1 of the Federal Rules of Civil Procedure, which directs that the rule must be "construed and administered to secure the just, speedy, and inexpensive determination of every action." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011) (citation omitted). But the Rules do not provide for an automatic stay of discovery when a potentially dispositive motion is pending. *Id.* at 600–01. Thus, a pending dispositive motion "is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Turner Broad. Sys., Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (quotation omitted). Nor does the fact that "discovery may involve some inconvenience and expense" automatically warrant a stay of discovery. *Id.*

In determining whether to stay discovery, the court considers whether (1) the pending motion is potentially dispositive of the entire case, or at least of the issue on which discovery is sought; and (2) the potentially dispositive motion can be decided without additional discovery. *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013). This analysis requires the court to take a "preliminary peek" at the potentially dispositive motion. *Tradebay*, 278 F.R.D. at 603. This assessment is meant not to prejudge a motion's outcome but, rather, to accomplish the cost- and time-saving objectives of Rule 1 by evaluating the justice of either permitting or delaying discovery. *Id.* A court may stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Turner*, 175 F.R.D. at 555. Ultimately, the party seeking the stay "carries the heavy burden of making a 'strong showing' why discovery should be denied." *Id.* at 556 (quotation omitted).

/ / /

2

The court now takes a "preliminary peek" at the merits of Defendant's motion to dismiss to determine whether it is potentially dispositive of the entire case and whether the motion to dismiss can be decided without additional discovery.

**A.      Failure to Meet and Confer**

Local Rule 26-7 requires that the parties meet and confer telephonically, or in person, regarding discovery disputes. Defendant SLS provides a declaration indicating that counsel for SLS and Plaintiff conferred via telephone during the Fed. R. Civ. P:. 26(f) conference and Plaintiff indicated it would not consent to stay discovery. (Decl. (ECF No. 47) at 2.) Although the Court is unable to assess the extent to which the parties attempted to resolve this dispute, the Court accepts the representation that the matter was discussed and no agreement was reached. Accordingly, the Court finds that the meet and confer was adequate.

**B.      Likelihood of Dismissal**

To survive a 12(b)(6) motion to dismiss, a plaintiff must allege enough facts to state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When pleading facts that do no more than infer the possibility of misconduct, a complaint has alleged, but not shown, that the plaintiff is entitled to relief. *Id.* at 679. Properly pled allegations contain "more than labels and conclusions." *Twombly*, 550 U.S. at 555. While courts must accept as true all factual allegations in a complaint, legal conclusions do not receive the same treatment, even if couched as factual allegations. *Iqbal*, 556 U.S. at 678.

To state an FCRA claim here, Plaintiff must plead facts establishing that (1) SLS provided inaccurate information to the credit reporting agency ("CRA"); (2) the CRAs notified SLS of the dispute; and (3) SLS "failed to conduct a reasonable investigation into the accuracy of the disputed information, in light of the information provided to it by the CRA." *See Benfield v. Bryco Funding, Inc.*, C 14-1459 PJH, 2014 WL 2604363, at *5 (N.D. Cal. June 10, 2014) (*citing Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009)); *see also Hernandez v. Wells Fargo Fin. Nat'l Bank*, 2014 U.S. Dist. 51854 (D. Nev. 2014) (holding that a debt that has been

charged off by a creditor does not support a finding of inaccuracy). Plaintiff must also allege that he was injured because of the failure to conduct the reasonable investigation. *Reagan v. American Home Mortg. Servs., Inc.*, No. C 11–00704 WHA, 2011 WL 2149100, at *2 (N.D. Cal. May 31, 2011) (to recoup damages under 15 U.S.C. § 1681 s-2(b), plaintiff must be injured because of defendant's failure to perform its statutory duty of investigation).

Plaintiff's complaint alleges that a consumer disclosure misreported that after his bankruptcy was completed, SLS reported the pendency of a "balloon payment of $38,964 due Apr 2036 " and that the debt had been "transferred to recovery." (Am. Compl. (ECF No. 4) at ¶¶ 69, 70.) Defendant alleges that the motion to dismiss must be granted because, citing *Abeyta v. Bank of Am., Nat'l Ass'n., et al.*, 2016 WL 1298109 at *2 (D. Nev. March 31, 2016), Plaintiff failed to sufficiently allege in the complaint that SLS claimed the balloon payment was an owed balance on the loan or that SLS had not reported Plaintiff's bankruptcy discharge. The critical issue is whether an historical "due date" and a present "owed balance" are interchangeable terms. *See id.* Plaintiff responds that the continued reporting of information after the bankruptcy discharge was inaccurate because the discharge relieves the consumer of any otherwise legal repayment obligations. *See Riekke v. Bank of America, N.A.* 2:15-cv-02312-GMN-VCF, ECF No. 57 at 4, 2016 WL 8737439 at *2.

Assessing these arguments, the Court is not persuaded that the Plaintiff will be unable to state a claim for relief, and so a stay of discovery is not appropriate. Furthermore, it is important to note that, even if Defendant's motion to dismiss is granted, Plaintiff is likely to be given leave to file an amended complaint to cure the defects in his initial pleading. The standard required to stay discovery is a stringent one. Discovery would be unnecessarily delayed in too many cases if courts applied a lenient standard in staying all discovery while awaiting resolution of pending motions. *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-cv-00596-JAD-GWF, 2014 WL 60216 at *3. The court must be convinced that Defendant's motion to dismiss will succeed, and the court is not convinced in this case. The court therefore will deny Defendant's motion to stay discovery.

### III.  CONCLUSION

IT IS THEREFORE ORDERED that Defendant SLS's Motion to Stay Discovery (ECF No.

28) is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer and file a stipulated discovery plan within 21 days from the date of this order.

DATED: November 15, 2017

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**