**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

RUSSELL K. UEHARA,

        Plaintiff,

vs.

TD BANK, NATIONAL ASSOCIATION A/K/A TD BANK USA/ TARGET CREDIT; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; SPECIALIZED LOAN SERVICING, LLC,

        Defendants.

Case No.: 2:17-cv-00190-GMN-CWH

**ORDER**

Pending before the Court is the Motion to Dismiss, (ECF No. 23), filed by Defendant Specialized Loan Servicing ("Defendant"). Plaintiff Russel Uehara ("Plaintiff") filed a Response, (ECF No. 26), and Defendant filed a Reply, (ECF No. 27). For the reasons set forth herein, Defendant's Motion to Dismiss is **GRANTED.**

**I.    BACKGROUND**

The instant action arises from a dispute regarding the accuracy of information reported on Plaintiff's credit report. (Am. Compl. ¶ 3, ECF No. 4). On March 29, 2010, Plaintiff filed for Chapter 13 bankruptcy. (*Id*. ¶ 16). Subsequently, Plaintiff made all payments required under the finalized bankruptcy terms. (*Id*. ¶ 18). On July 28, 2015, the bankruptcy discharged any debt owed to applicable defendants. (*Id*. ¶ 20). Plaintiff alleges that following the discharge of his debts, creditors and credit reporting agencies reported inaccurate information on Plaintiff's credit report in violation of the Federal Credit Reporting Act ("FCRA") and the Metro 2 industry reporting guidelines. (*Id*. ¶¶ 6, 25). Specifically, Plaintiff alleges that on October 26, 2015, Defendant inaccurately reported to Experian, a credit reporting agency, that

Plaintiff owed a balloon payment of $38,964 due on April 24, 2036. (*Id.* ¶ 59). Additionally, Plaintiff alleges that Defendant, a furnisher of consumer information under the FCRA, misleadingly reported that Plaintiff's account was "transferred to recovery." (*Id.* ¶ 60, 71). On January 19, 2016, Plaintiff disputed Defendant's reports by notifying Experian in writing. (*Id.* ¶ 61). On February 1, 2016, Plaintiff received notice that Experian and Defendant were notified of the dispute. (*Id.* ¶ 65). The notice went on to verify that the account had been updated. (*Id.*). The updated report stated that Plaintiff had a "recent balance" of zero dollars "as of Dec. 2015." (*Id.* ¶ 70). However, Plaintiff's Experian credit report reflected no changes to the disputed information. (*Id.* ¶ 69).

Plaintiff alleges that (1) Defendant failed to conduct a reasonable investigation into the disputed information as required by the FCRA; (2) that Defendant willfully furnished false information in violation of the FCRA; and (3) Defendant failed to update the furnished information to reflect that Plaintiff's debt was discharged through bankruptcy. (*Id.* ¶¶ 67, 72, 77). Consequently, Plaintiff claims he "suffered actual damages, including without limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress." (*Id.* ¶ 78). Based on these allegations Plaintiff asserts a single cause of action for a violation of the FCRA under 15 U.S.C. § 1681. (*Id.* ¶¶ 96–99). In the instant Motion, Defendant seeks to dismiss Plaintiff's Amended Complaint with prejudice. (Mot. to Dismiss 9:5, ECF No. 23).

## II. LEGAL STANDARD

Dismissal is appropriate under Rule 12(b)(6) where a pleader fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as a factual allegations are insufficient. *Twombly*, 550 U.S. at 555. Accordingly, Rule

12(b)(6) requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*

If the court grants a motion to dismiss for failure to state a claim, leave to amend should be granted unless it is clear that the deficiencies of the complaint cannot be cured by amendment. *DeSoto v. Yellow Freight Sys. Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

In the instant Motion, Defendant argues that dismissal is proper because Plaintiff lacks Article III standing. (Mot. to Dismiss 8:11–14, ECF No. 23). Additionally, Defendant avers that Plaintiff's Amended Complaint "fails to allege sufficient plausible facts to state an FCRA claim." (*Id.* 4:14). Conversely, Plaintiff asserts that he alleged an injury-in-fact sufficient for Article III standing and alleged a cognizable FCRA claim. (Resp. 2:21–25, ECF No. 26). The Court will evaluate each argument in turn.

### A. Article III Standing

"The irreducible constitutional minimum of standing" is comprised of three elements: (1) The Plaintiff must have suffered an "injury-in-fact," which is a "concrete and

particularized" invasion of a legally protected interest; (2) there must be a "causal connection" between the plaintiff's injury and the defendant's action; and (3) it must be "likely" that the plaintiff's injury will be "redressed by a favorable decision." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (quoting *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 38–43 (1976)). "The party invoking federal jurisdiction bears the burden of establishing these elements." *Id*. at 561.

In the instant motion, Defendant argues that under Supreme Court precedent, Plaintiff lacks Article III standing for failure to establish a "concrete injury." (Mot. to Dismiss 7:25–27, 8:1–13). To bolster this assertion, Defendant primarily relies on the Supreme Court's ruling in *Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016). (*Id*.). Plaintiff rebukes Defendant's interpretation of the Supreme Court's holding and argues that he plead a sufficiently "concrete" injury under *Spokeo*. (Resp. 15:10–23). For the following reasons, the Court finds that Plaintiff pleads a "concrete" injury sufficient to satisfy Article III standing requirements.

The Supreme Court's reasoning in *Spokeo* evaluated the "injury-in-fact" requirement pursuant to an alleged violation of the FCRA. *Spokeo* 136 S. Ct. at 1543. In *Spokeo*, the plaintiff alleged that the defendant incorrectly reported the plaintiff's marital status, age, employment status, education, and wealth level. *Spokeo*, 136 S. Ct. at 1546. The Supreme Court determined that a mere violation of an individual's statutory rights under the FCRA without valuation of the injury caused by the infraction is insufficient analysis into the concreteness of Plaintiff's injury. *Id*. at 1548. "[N]ot all inaccuracies cause harm or present any material risk of harm. An example that comes readily to mind is an incorrect zip code. It is difficult to imagine how the dissemination of an incorrect zip code, without more, could work any concrete harm." *Id*. The Court ultimately remanded the case to the Ninth Circuit without deciding the question of whether the alleged infractions were sufficiently concrete. *Id*.

On remand, the Ninth Circuit determined that the plaintiff sufficiently alleged a concrete injury by asserting that the defendant "caused actual harm to [his] employment prospects by misrepresenting facts that would be relevant to employers, and that he suffers from anxiety, stress, concern, and/or worry about his diminished employment prospects as a result" of the defendant's inaccurate reporting. *Robins v. Spokeo, Inc.*, 867 F.3d 1108, 1118 (9th Cir. 2017), *cert. denied*. (internal quotations omitted).

Here, Plaintiff alleges that Defendant inaccurately reported a pending balloon payment, a "recent balance," and that Plaintiff's account was transferred to recovery. (Am. Compl. ¶¶ 59, 60, 71, ECF No. 4). As a result of the alleged inaccurate reporting, Plaintiff claims that he "suffered actual damages, including without limitation credit denials, fear of credit denials, out-of-pocket expenses in challenging the Defendants' wrongful representations, damage to his creditworthiness, and emotional distress." (Am. Compl. ¶ 78). These allegations are "substantially more likely" to cause concrete injury than the incorrect zip code example provided by the Supreme Court. *See Robins,* 867 F. 3d at 1117. Further, the Court finds that Plaintiff's allegations affect Plaintiff in a personal and individual way. *See Spokeo*, 136 S.Ct. at 1548. Therefore, Plaintiff has met its burden of establishing an injury-in-fact that is concrete and particularized based on the harm alleged. *See Harris v. Nissan-Infiniti LT*, No. 2:17–cv–191-JCM-VCF, 2018 WL 387397, at *4 (D. Nev. Jan. 11, 2018) (holding that plaintiff who allegedly suffered credit denials, fear of credit denials, out of pocket expenses and emotional distress plead a concrete injury sufficient to satisfy Article III's injury-in-fact requirement). Accordingly, Plaintiff has plead a concrete injury sufficient to establish Article III standing. The Court next evaluates the facial plausibility of Defendant's claim under the FCRA.

**B. FCRA Claim**

Congress adopted the FCRA to ensure that information furnishers and credit reporting agencies "exercise their grave responsibilities" through adopting "reasonable procedures" that

insure that a consumer's report is accurate. *See* 15 U.S.C. § 1681. To sustain a valid FCRA claim against a furnisher, the Plaintiff must allege: (1) that the furnisher provided inaccurate information to the credit reporting agency; (2) that the credit reporting agency notified the furnisher of the dispute; and (3) that the furnisher failed to conduct a reasonable investigation into the disputed information. 15 U.S.C. § 1681 S-2; *Harris*, *2018* WL 387397, at *2 (citing *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1154 (9th Cir. 2009)). The threshold question in a FCRA claim against a furnisher, is whether the plaintiff alleged that the furnisher provided inaccurate information to the credit reporting agency. *See Id.*

"An item on a credit report can be inaccurate 'because it is patently incorrect, or because it is [materially] misleading in such a way and to such an extent that it can be expected to adversely affect credit decisions.'" *Florence v. Cenlar Federal Savings & Loan et al.*, No. 2:16-cv-0587-GMN-NJK, 2018 WL 1145804, at *4 (D. Nev. Mar. 1, 2018) (citing *Carvalho v. Equifax Information Services, LLC*, 629 F.3d 876, 890 (9th Cir. 2010)). The provisions of a confirmed bankruptcy plan "bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327; *Florence*, 2018 WL 1145804, at *4. However, "bankruptcy does not prevent the reporting of debt." *Abeyta v. Bank of Am.*, No. 215-cv-02320-RCJ-NJK, 2016 WL 1298109, at *2 (D. Nev. Mar. 31, 2016). "Congress explicitly declined via the FCRA to prevent the reporting of delinquencies as to discharged debts for seven years and bankruptcies themselves for ten." *Id.* "The fact that Congress explicitly permits bankruptcies themselves to be reported for ten years from the date of discharge, *see* 15 U.S.C. § 1681c(a)(1), undermines any argument that Congress intended specific debts discharged in bankruptcy to be categorically unreportable." *Id.* Therefore, a furnisher is statutorily permitted to report historically accurate information regarding a debt discharged by bankruptcy for seven years. *See e.g. Id.* at *2; *see also Mortimer v. Bank of Am.*, 2013 WL

1501452, at *9–11 (N.D. Cal. Apr. 10, 2013) (holding that the furnisher's reporting that the debt had been delinquent during the pendency of the bankruptcy was historically accurate and thus not actionable under the FCRA where report also indicated that the debt had been discharged in bankruptcy).

Plaintiff asserts that Defendant erroneously reported that Plaintiff owes a balloon payment of $38,964 due on April 24, 2036, misleadingly reported that Plaintiff's account was "transferred to recovery," and failed to remedy the inaccuracies. (*See* Am. Compl. ¶¶ 59, 60, 67, 71–72, 77). Additionally, Plaintiff claims that Defendant adopted and violated the Metro 2 reporting standards, by reporting inaccurate information. (*Id*. ¶ 25).

Defendant argues that the information on Plaintiff's report is not inaccurate, but rather, an accurate reporting of historical information regarding the account. (Mot. to Dismiss 2:24–26). Additionally, Defendant argues that they did not violate of the Metro 2 reporting standards and further claims that a mere deviation from the standards is insufficient to substantiate a valid claim. (*Id*. 5:16–27, 6:1–4). To support his argument, Defendant relies on two holdings from this District. (*Id*. 4:15–27, 5:1–8).

First, Defendant turns to the ruling in *Abeyta*, 2016 WL 1298109. In *Abeyta*, a furnisher-defendant reported a prior delinquency after the plaintiff's debt was discharged through bankruptcy. *Id*. at *1. The court granted the furnisher-defendant's motion to dismiss because the plaintiff failed to allege an inaccuracy under the FCRA. *Id*. at *3. Notably, the *Abeyta* court dismissed the claim because the plaintiff failed to allege that "the reported delinquencies were inaccurate in-and-of-themselves, i.e., that there were never any such delinquencies" or that the debt was "still due and owing." *Id*. at *2. The *Abeyta* court held that absent specific allegations as to "actual falsity," Plaintiff's claim that the reported delinquency was "inaccurate in-and-of-itself" was insufficient to defeat a motion to dismiss. *Id*.

Second, Defendant looks to the holding in *Riekki v. Bayview Fin. Loan Servicing, et al.*, No. 2:15-cv-2427-JCM-GWF, 2016 WL 4083216 (D. Nev. July 28, 2016) ("*Riekki 1*"). In *Riekki 1*, the court granted a furnisher-defendant's motion to dismiss where the plaintiff asserted that his "report is inaccurate because defendant reported a debt on plaintiff's delinquent account subsequent to approval of plaintiff's bankruptcy discharge." *Id*. at *2. The court stated that although the plaintiff's bankruptcy discharge was confirmed, the furnisher-defendant was "entitled to report the debt for a statutorily permitted seven years" under 15 U.S.C § 1681c. *Id.*

To contest Defendant's assertions, Plaintiff points to *Riekki v. Bank of America*, No.: 2:15-cv-2312-GMN-VCF, 2016 WL 8737439 (D. Nev. June 10, 2016) ("*Riekki 2*"). In *Riekki 2*, the plaintiff alleged that following a bankruptcy discharge, a furnisher-defendant reported a debt on plaintiff's account as "past due." *Id*. at *1. The plaintiff allegedly notified the furnisher-defendant of the error, however, the furnisher-defendant continued to report the account as "past due" and, classified the account as a "collection account." *Id*. at *2. Ultimately, this Court denied the furnisher-defendant's motion to dismiss; ruling that the "alleged representations that [p]laintiff still owed a debt and its implication that the debt might still be collectible following the bankruptcy discharge were inaccurate." *Id*. Plaintiff argues that this is the proper analysis to determine whether the furnished information is inaccurate in the instant matter. (Resp. 11:5–8). The Court disagrees.

Here, Plaintiff specifically states that after Defendant received notice of the dispute, Defendant updated the furnished information to state a "recent balance" of zero dollars "as of Dec. 2015." (Am. Compl. ¶ 70). Similar to *Abeyta* and *Riekki 1*, Plaintiff does not specifically allege that (1) the balloon payment was not a part Plaintiff's debt provisions; or (2) that the balloon payment was reported as an outstanding balance on the debt. This District has held that without either of these critical allegations, Plaintiff cannot sufficiently allege a valid FCRA

claim. *See Harris*, *2018* WL 387397, at *2 (granting a furnisher-defendant's motion to dismiss because plaintiff failed to allege that a listed balloon payment was not a term of the debt or that the furnisher-defendant failed to report that the plaintiff's debt was "discharged" or otherwise reduced to a "zero balance"). Further, Plaintiff fails to specifically allege that his account was never "transferred to recovery" or that the balloon payment in question was reported as a remaining balance on the account.

Moreover, *Riekki 2* is inapplicable to the instant matter because Plaintiff does not allege that Defendant reported any debt as a past-due balance, and Defendant updated Plaintiff's account to reflect a "recent balance" of zero dollars.[1] Accordingly, Plaintiff has not sufficiently alleged that Defendant's furnished information implicates "that the debt might still be collectible following the bankruptcy discharge." *Riekki 2*, 2016 WL 8737439, at *6. Plaintiff alludes to the falsity of Defendant's report but without these specific allegations Plaintiff cannot establish that Defendant reported anything other than statutorily permitted historical information regarding Plaintiff's account. *See Harris*, *2018* WL 387397, at *2; *see also Abeyta*, 2016 WL 1298109, at *2.

Additionally, Plaintiff argues a violation of the FCRA occurred pursuant to the Metro 2 reporting guidelines. (Am. Compl. ¶ 25). Plaintiff asserts that Metro 2 "instructs the furnisher to report a current balance of 'Zero'" following a bankruptcy discharge. (*Id*. ¶ 31). Plaintiff maintains that Defendant's furnished information runs afoul of Metro 2 and therefore establishes a FCRA claim. (*Id*. ¶ 25–34). However, the Court previously stated "that the industry guidelines—such as Metro 2—do not establish the standards for accuracy under the FCRA." *Florence*, 2018 WL 1145804, at *7. Therefore, Plaintiff cannot claim a violation of

---

[1] Plaintiff argues that reporting a "recent balance" on his account of zero dollars "as of Dec. 2015" is misleading because it "implie[s] that a balance was still owed in December 2015." (Am. Comp. ¶ 70). The Court finds this argument unpersuasive. Plaintiff fails to allege that the phrase "as of Dec. 2015" is indicative of anything other than the date when Plaintiff's account was updated to reflect a zero balance.

the FCRA premised upon a deviation of the Metro 2 guidelines. For the aforementioned reasons, the Court finds that Plaintiff has not sufficiently plead a cognizable FCRA claim. Accordingly, Plaintiff's Amended Complaint is dismissed.

### C. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure permits courts to "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Ninth Circuit "ha[s] held that in dismissing for failure to state a claim under Rule 12(b)(6), 'a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts.'" *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)).

The Court finds that Plaintiff may be able to plead additional facts to support his FCRA claim. Accordingly, the Court will grant Plaintiff leave to file a second amended complaint. Plaintiff shall file his second amended complaint within fourteen (14) days of the date of this Order.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss, (ECF No. 23), is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have fourteen (14) days from the date of this Order to file a second amended complaint. Failure to file a second amended complaint by the required date shall result in the Court dismissing Plaintiff's claim with prejudice.

**DATED** this __26__ day of March, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Court